IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NISSAN MOTOR ACCEPTANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> SPORTS CAR LEASING, LLC, <br><br> Defendant. | Civil Action No. 5:18-cv-05451-JLS |

**PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL**

Pursuant to Federal Rule of Civil Procedure 7, Local Rule 7.1, and Federal Rule of Appellate Procedure 8(a)(1)(A), Plaintiff Nissan Motor Acceptance Corp. ("NMAC") hereby moves the Court for a stay of all proceedings pending appeal, stating in support thereof as follows:

1. On April 2, 2021, the Court granted Defendant Sports Car Leasing, LLC's ("Sports Car") motion for summary judgment. (ECF No. 93).

2. On April 13, 2021, Sports Car filed a Motion Pursuant to 28 U.S.C. § 2042 for the Withdrawal of Escrowed Funds Deposited by Defendant With the Court Pursuant to the Court's September 19, 2019 Order. (ECF No. 94).

3. Also on April 13, 2021, Sports Car filed a Motion for Judgment on Bond Posted by Plaintiff and for Evidentiary Hearing. (ECF No. 95).

4. On April 30, 2021, NMAC filed its Notice of Appeal and briefs in opposition to the above-referenced motions and answers to same.

5. Given the pendency of NMAC's appeal, staying proceedings pending the outcome of the appeal promotes judicial economy, avoids the risk of inconsistent rulings and

1

avoids the substantial risk that the escrowed funds will be dissipated prior the Court of Appeals' ruling.

6.NMAC incorporates by reference its Memorandum of Law submitted herewith.

7.NMAC is likely to succeed on the merits of its appeal.  This requirement is satisfied if the moving party "make[s] a showing of a reasonable probability, not the certainty, of success on the merits."  *SK & F, Co. v. Premo Pharm. Labs., Inc.*, 625 F.2d 1055, 1066–67 (3d Cir. 1980).  Here, it is reasonably probable that NMAC will succeed on the merits of its appeal.  NMAC respectfully submits that the Court has misapplied Federal Rule of Civil Procedure 56, misinterpreted the relevant provisions of Pennsylvania's Uniform Commercial Code, and ignored both binding Pennsylvania case law and material evidence of record.

8.NMAC will be irreparably injured absent a stay.  If the Court grants Sports Car's motion for withdrawal of escrowed funds, the funds will likely be dissipated quickly by Sports Car and never recoverable again.  It is well settled that "the unsatisfiability of a money judgment can constitute irreparable injury…."  *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 205-06 (3d Cir. 1990); *see generally Deckert v. Indep. Shares Corp.*, 311 U.S. 282, 290 (1940).

9.In determining whether money damages would be adequate, "the difficulty of procuring a suitable substitute performance by means of money awarded as damages" and "the likelihood that an award of damages could not be collected" are significant.  Restatement (Second) of Contracts § 360 (1981).

10.Where factors of irreparable harm, interests of third parties and public considerations strongly favor the moving party, an injunction might be appropriate even though plaintiff did not demonstrate as strong a likelihood of ultimate success as would generally be required.  *Constructors Ass'n of W. Pa. v. Kreps*, 573 F.2d 811, 815 (3d Cir. 1978); *Marxe v.*

2

*Jackson*, 833 F.2d 1121, 1128 (3d Cir. 1987) ("[T]he strength of the plaintiff's showing with respect to one [factor] may affect what will suffice with respect to another.") (emphasis added); *In re DiClemente*, Civil Action No. 12–1226 (FLW), Bankr. Case No. 11–28230 (MBK), 2012 WL 5211942, at *2 n.2 (D.N.J. Oct. 22, 2012) (quoting *Kreps*, *supra*).

11. Courts must balance the factors "in light of the individualized considerations" relevant in each case. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).

12. The traditional stay factors contemplate individualized judgments in each case. *In re DiClemente*, 2012 WL 5211942, at *2 n.2 (following *Republic of Philippines*, 949 F.2d at 658).

13. Issuance of a stay will not substantially injure Sports Car. Sports Car is not entitled to the relief it seeks in its pending motions at this time because the Court's April 2, 2021 Order is not a final judgment on the merits. Sports Car will not be substantially injured by waiting until the appeal has been resolved and is not entitled to either: (1) the withdrawal of escrowed funds until the Court of Appeals has affirmed the April 2, 2011 Order; or (2) a judgment on the bond posted by NMAC until it has been determined by the Court of Appeals that Sports Car was, in fact, "wrongfully enjoined" under Federal Rule of Civil Procedure 65(c). Absent any such entitlements at this stage of the proceedings, Sports Car will not be substantially injured by a stay of proceedings.

14. The public interest strongly favors issuance of a stay, as the public benefits from thorough and even-handed adjudication of disputes. Staying proceedings until NMAC's appeal has been resolved promotes judicial economy and avoids inconsistent rulings, which benefits the public as well. Finally, a stay does not cause any harm to the public interest.

15.     For all of the foregoing reasons, NMAC respectfully requests that this Court enter a stay of proceedings, with regard to Sports Car's Motion Pursuant to 28 U.S.C. § 2042 for the Withdrawal of Escrowed Funds Deposited by Defendant With the Court Pursuant to the Court's September 19, 2019 Order, Sports Car's Motion for Judgment on Bond Posted by Plaintiff and for Evidentiary Hearing, and any other matters or proceedings.

Respectfully submitted,

Dated:  April 30, 2021      By:  */s/ Neil C. Schur*
Salvatore Giampiccolo
(admitted *pro hac vice*)
Neil C. Schur
PA Attorney Id. No. 79068
STEVENS & LEE, P.C.
111 North Sixth Street
Reading, PA  19601
Telephone:  (215) 751-1944
Facsimile:  (610) 371-7956
Email:  ncsc@stevenslee.com

*Attorneys for Plaintiff
Nissan Motor Acceptance Corp.*

SL1 1690358v2 114423.00010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NISSAN MOTOR ACCEPTANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> SPORTS CAR LEASING, LLC, <br><br> Defendant. | Civil Action No. 5:18-cv-05451-JLS |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL**

Pursuant to Federal Rule of Civil Procedure 7 and Local Rule 7.1, Plaintiff Nissan Motor Acceptance Corp. respectfully submits this memorandum of law in support of its motion for a stay of all proceedings pending appeal.

**I.   Procedural Background**

On April 2, 2021, the Court granted Sports Car's motion for summary judgment.  (ECF No. 93).

On April 13, 2021, Sports Car filed a Motion Pursuant to 28 U.S.C. § 2042 for the Withdrawal of Escrowed Funds Deposited by Defendant With the Court Pursuant to the Court's September 19, 2019 Order.  (ECF No. 94).

Also on April 13, 2021, Sports Car filed a Motion for Judgment on Bond Posted by Plaintiff and for Evidentiary Hearing.  (ECF No. 95).

On April 30, 2021, NMAC filed its Notice of Appeal and briefs in opposition to the above-referenced motions and answers to same.

1

### III. Argument

#### A. Applicable Legal Standard

In deciding whether to grant a motion to stay, courts consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). Courts must balance the factors "in light of the individualized considerations" relevant in each case. *Id.* The traditional stay factors contemplate individualized judgments in each case. *In re DiClemente*, Civil Action No. 12–1226 (FLW), Bankr. Case No. 11–28230 (MBK), 2012 WL 5211942, at *2 n.2 (D.N.J. Oct. 22, 2012) (following *Republic of Philippines*, 949 F.2d at 658).

The likelihood of success on the merits factor is satisfied if the moving party "make[s] a showing of a reasonable probability, not the certainty, of success on the merits." *SK & F, Co. v. Premo Pharm. Labs., Inc.*, 625 F.2d 1055, 1066–67 (3d Cir. 1980).

With regard to the irreparable injury factor, it is well settled that "the unsatisfiability of a money judgment can constitute irreparable injury…." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 205-06 (3d Cir. 1990); *see generally Deckert v. Indep. Shares Corp.*, 311 U.S. 282, 290 (1940). In determining whether money damages would be adequate, "the difficulty of procuring a suitable substitute performance by means of money awarded as damages" and "the likelihood that an award of damages could not be collected" are significant. Restatement (Second) of Contracts § 360 (1981). Finally, where factors of irreparable harm, interests of third parties and public considerations strongly favor the moving party, an injunction

2

might be appropriate even though plaintiff did not demonstrate as strong a likelihood of ultimate success as would generally be required.  *Constructors Ass'n of W. Pa. v. Kreps*, 573 F.2d 811, 815 (3d Cir. 1978); *Marxe v. Jackson*, 833 F.2d 1121, 1128 (3d Cir. 1987) ("[T]he strength of the plaintiff's showing with respect to one [factor] may affect what will suffice with respect to another.") (emphasis added); *In re DiClemente*, 2012 WL 5211942, at *2 n.2 (quoting *Kreps*, *supra*).

### B.  The Application of the *Republic of Philippines* Factors To This Case Demonstrates That A Stay Is Warranted and Appropriate.

#### 1.  NMAC Is Likely To Succeed On The Merits.

It is reasonably probable that NMAC will succeed on the merits of its appeal.  NMAC respectfully submits that the Court has misapplied Federal Rule of Civil Procedure 56, misinterpreted the relevant provisions of Pennsylvania's Uniform Commercial Code, and ignored both binding Pennsylvania case law and material evidence of record.  *See SK & F, Co.*, 625 F.2d at 1066–67 (this factor is satisfied if the moving party "make[s] a showing of a reasonable probability, not the certainty, of success on the merits."

#### 2.  NMAC Will Be Irreparably Injured Absent A Stay.

If the Court does not stay proceedings or deny Sports Car's pending motions without prejudice, NMAC will be irreparably injured.  If the Court grants Sports Car's motion for withdrawal of escrowed funds, the funds will likely be dissipated quickly by Sports Car and never recoverable again.  Indeed, this was the rationale of the Court's September 19, 2019 Order compelling Sports Car to deposit net sales proceeds from certain vehicles into an escrow account at the Court.  (ECF No. 49).  Monetary damages will not adequately compensate NMAC for this injury because it may be unable to collect these damages from Sports Car.  "[T]he unsatisfiability of a money judgment can constitute irreparable injury…" *Hoxworth*, 903 F.2d at 205-06; *see*

3

*generally Deckert*, 311 U.S. at 290 (injunction was a "reasonable measure to preserve the status quo" to "ensure the satisfiability of a potential future judgment ordering the transfer of money"); *In re Prosser*, Civil Action No. 3:2013-0087, 2017 WL 5614901, at *10 (D. V.I. Nov. 20, 2017) ("It is well-established that an injunction may issue 'to prevent the dissipation of assets that would satisfy a judgment.'") (internal citation omitted); *Leaf Funding, Inc. v. Butera*, No. 3:06-CV-00938, 2006 WL 2868976, at *3 (M.D. Tenn. Oct. 5, 2006) ("[T]he possibility of dissipating assets so that funds or property no longer exist in order to compensate the Plaintiff can establish irreparable harm."); Restatement (Second) of Contracts § 360 (1981) (in determining whether money damages would be adequate, "the difficulty of procuring a suitable substitute performance by means of money awarded as damages" and "the likelihood that an award of damages could not be collected" are significant).

      Here, there is a high risk that the escrowed funds will be dissipated if the Court permits withdrawal, and money damages will be inadequate. As the *Hoxworth* Court explained, "Appellants contend ... that the possibility of an unsatisfied money judgment cannot, as a matter of law, constitute irreparable injury for purposes of granting a preliminary injunction. We find ample authority to the contrary, however." *Hoxworth*, 903 F.2d at 205-06 (citing cases). Sports Car has taken the position that the only collectible damages are those in escrow, suggesting other collection efforts will fail. Moreover, Sports Car is structured as a limited liability company and may begin to operate as a new LLC at any time to defeat or frustrate collection efforts. Collectibility, of course, is the primary reason the Court ordered the deposit of these funds into the Court. (ECF No. 49).

      Moreover, as the Court will recall, Sports Car continued to sell vehicles purchased from the dealerships at issue after the Court enjoined it from selling certain vehicles (ECF No. 6).

4

Sports Car contended that the later sales did not violate the Court's Order because those vehicles were not on the listing attached to the TRO papers. *See* Letter of NMAC's undersigned counsel to the Court dated March 28. 2021. NMAC submits that these actions were not taken in good faith and violated both the letter and spirit of the Court's ruling. *Id.*

Under these circumstances, there is a high likelihood that any withdrawn escrowed funds will be quickly dissipated and an award of damages will be "unsatisfiable." The "unsatisfiability of a money judgment" constitutes irreparable injury, *see Hoxworth*, 903 F.2d at 205-06, and readily satisfies this factor.

Where the irreparable harm factor strongly favors the moving party, an injunction may be appropriate even if plaintiff did not demonstrate as strong a likelihood of ultimate success as would generally be required. *Kreps*, 573 F.2d at 815; *Marxe*, 833 F.2d at 1128 ("[T]he strength of the plaintiff's showing with respect to one [factor] may affect what will suffice with respect to another."); *In re DiClemente*, 2012 WL 5211942, at *2 n.2. Because the irreparable harm factor strongly favors NMAC here, a stay is appropriate even if the Court is not fully convinced that NMAC is likely to succeed on the merits of its appeal of the Court's April 2, 2021 Order.

### 3. Issuance Of The Stay Will Not Substantially Injure The Other Parties Interested In The Proceeding.

This factor also weighs heavily in favor of a stay. Issuance of the stay will not substantially injure Sports Car, which is the only other party interested in the proceeding. As detailed in NMAC's briefs in opposition to Sports Car's Motion for the Withdrawal of Escrowed Funds and Motion for Judgment on Bond Posted by Plaintiff, which are incorporated by reference, Sports Car is not entitled to the relief it seeks at this time because the Court's April 2, 2021 Order is not a final judgment on the merits, as NMAC has appealed that Order. As a result, Sports Car will not be substantially injured by waiting until the appeal has been resolved and

5

there is, in fact, a final judgment on the merits. Sports Car is not entitled to the withdrawal of escrowed funds until the appeal has been resolved in its favor and is likewise not entitled to a judgment on the bond posted by NMAC until it has been determined by the Court of Appeals that Sports Car was, in fact, "wrongfully enjoined" under Federal Rule of Civil Procedure 65(c). Absent any such entitlements at this stage of the proceedings, Sports Car will not be substantially inured by a stay of proceedings.

### 4. The Public Interest Strongly Favors Issuance Of A Stay.

Finally, the public interest strongly militates in favor of a stay, as the public benefits from thorough and even-handed adjudication of disputes, and staying proceedings until NMAC's appeal has been resolved – and NMAC has been given an opportunity to be heard by the Court of Appeals – inures to the benefit of the public. Moreover, a stay promotes judicial economy and avoids inconsistent rulings, which benefit the public interest as well. Finally, a stay does not cause any harm to the public interest.

### IV. Conclusion

For all of the foregoing reasons, the Court should stay all proceedings pending the

**BALANCE OF PAGE LEFT INTENTIONALLY BLANK**

outcome of NMAC's appeal.

                                    Respectfully submitted,

Dated:  April 30, 2021          By:  */s/ Neil C. Schur*
                                      Salvatore Giampiccolo
                                      (admitted *pro hac vice*)
                                      Neil C. Schur
                                      PA Attorney Id. No. 79068
                                      STEVENS & LEE, P.C.
                                      111 North Sixth Street
                                      Reading, PA  19601
                                      Telephone:  (215) 751-1944
                                      Facsimile:  (610) 371-7956
                                      Email:  ncsc@stevenslee.com

                                      *Attorneys for Plaintiff*
                                      *Nissan Motor Acceptance Corp.*

## CERTIFICATE OF SERVICE

I, Neil C. Schur, certify that on this 30th day of April, 2021, the foregoing Plaintiff Nissan Motor Acceptance Corp.'s Motion for Stay of Proceedings Pending Appeal, Memorandum of Law in support thereof, and proposed Order were filed electronically and are available for viewing via the Court's ECF system. The following counsel will be served via electronic mail:

>Peter F. Schuchman, Jr., Esquire
>Kozloff Stoudt
>2640 Westview Dr.
>Wyomissing, PA  19610
>Email:  pschuchman@kozloffstoudt.com

Dated:  April 30, 2021               */s Neil C. Schur*
                                     Neil C. Schur

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NISSAN MOTOR ACCEPTANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> SPORTS CAR LEASING, LLC, <br><br> Defendant. | Civil Action No. 5:18-cv-05451-JLS |

## ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiff's Motion for Stay of Proceedings Pending Appeal and Defendant's response, it is hereby ORDERED that Plaintiff's Motion is GRANTED.

It is FIURTHER ORDERED that all proceedings in this matter are hereby STAYED pending appeal.

**BY THE COURT:**

_____

**JEFFREY L. SCHMEL, J.**